IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SCI, INC., | : |
|     Plaintiff, | : |
| vs. | : CIVIL ACTION NO. |
| ENGINEERED CONCEPTS, INC., | : 1:10-CV-01416-CC |
|     Defendant. | : |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment [Doc. No. 30] and Plaintiff's Cross-Motion for Partial Summary Judgment [Doc. No. 40].[1] For the reasons stated below, the Court **GRANTS** Defendant's motion and **GRANTS in part and DENIES in part** Plaintiff's motion.

### I. BACKGROUND

    A.     <u>Facts Relevant to Defendant's Motion</u>

Plaintiff SCI, Inc. and Defendant Engineered Concepts, Inc. entered into a subcontract on or about July 7, 2007. (Ex. A to Def.'s Statement of Facts & Theories of Recovery "DSUMF".[2]) The subcontract called for SCI to perform site work for an apartment complex in Gulport, Mississippi (the "Project"). On or about February 15, 2008, SCI's president, David Shackelford, sent to Engineered Concepts a letter

---

[1] Pursuant to the Court's Order [Doc. No. 69] dated December 17, 2012, Plaintiff's 6(B) Motion [Doc. No. 55] is **DENIED as moot**.

[2] The exhibit that Engineered Concepts refers to is an unsigned document. Therefore, the Court is relying on Exhibit A to Engineered Concepts's Motion for Judgment on the Pleadings [Doc. No. 34-1], which is the signed subcontract. See Fed. R. Civ. P. 56(c)(3) (the Court may consider other materials in the record). Also, Defendant's statement in DSUMF ¶ 1 is not supported by a citation to evidence proving the statement as required by Local Rule 56.1B(1). Therefore, the Court will not consider that statement.

that addressed a number of payment issues relating to the Project. (DSUMF ¶ 2.) In the letter, SCI specifically noted the following tax issue:

> Another issue that was previously discussed was the taxes on material we have purchased. This goes back to one of our original meetings and the Material Purchase Certificate (MPC) for contractors issue. We discussed this with Leon recently, and he was to check in to how we could be reimbursed for the taxes on material. I have attached a copy of our transaction details with this letter.
>
> I would appreciate your favorable consideration on these items. I feel sure that once you have this information, it will substantiate our claim for additional money.

(DSUMF ¶ 3.) SCI requested additional payments, including a specific request for a tax reimbursement.[3] (DSUMF ¶ 4.) Although it disagreed that SCI was legally entitled to any money beyond the initial $4,000,000 under the subcontract, Engineered Concepts agreed to pay SCI an additional $300,000. (DSUMF ¶ 5.[4]) Engineered Concepts has paid SCI over $4,000,000 of the $4,300,000 subcontract price. (DSUMF ¶ 7.) Engineered Concepts's payments to SCI were progress payments as set forth by the subcontract. (DSUMF ¶ 8.) As a condition to any payment, the subcontract requires SCI to submit affidavits, receipts, releases, and waivers of lien requested by Engineered Concepts. (DSUMF ¶ 9.) SCI has not

---

[3] SCI does not directly refute the statements in DSUMF ¶¶ 4 and 9, and thus the Court deems parts of these statements admitted pursuant to Local Rule 56.1B(2). A part of paragraph 4 is stated as a legal conclusion; therefore, the Court will not consider it, as required by Local Rule 56.1B(1).

[4] In paragraph 5 of its statement of facts, Engineered Concepts also asserts that it agreed to pay the additional $300,000 *to resolve all of the issues raised by SCI's February 15, 2008 letter on the following express condition: SCI acknowledges there will be no further or future claims or recovery actions of any nature in connection with work under its Site Work Contract for the Columns at Gulfport [the Subcontract]*. (DSUMF ¶5) (emphasis added). This assertion, however, is not supported by a citation to evidence proving such fact as required by Local Rule 56.1B(1). Accordingly, the Court will not consider that part of paragraph 5. Similarly, the Court will not consider the statements in paragraph 6 because they are supported by a citation to pleadings rather than to evidence. LR 56.1B(1), NDGa.

submitted affidavits, receipts, releases, and waivers of lien for the amounts that it now demands from Engineered Concepts.[5] (DSUMF ¶10.)

### B.  Facts Relevant to Plaintiff's Cross-Motion[6]

Engineered Concepts and SCI executed a change order in May 2008.[7] (Ex. O to Pl.'s Cross-Mot. for Partial Summ. J. [Doc. No. 40-16].) The change order was subject to all the terms and conditions of the original agreement and did not incorporate any release of claims. (Pl.'s Resp. to Def.'s Statement of Facts & Theories of Recovery & Pl.'s Statement of Uncontested Facts "PSMF" ¶ 3.) SCI has completed all of the physical site work that was required under the subcontract and change orders. (PSMF ¶ 4.[8])

The subcontract states that "[s]ubcontractor has not included and is not responsible for State of Mississippi M.P.C. Tax." (PSMF ¶ 6[9].) Engineered Concepts admitted it is responsible for MPC taxes under the subcontract. (PSMF ¶ 7.) The

---

[5]  SCI contends that this fact is not material, but that contention duplicates the summary judgment standard. See Marceau v. Int'l Bhd. of Elec. Workers, 618 F. Supp. 2d 1127, 1141 (D. Ariz. 2009).

[6]  Although SCI seeks to incorporate a statement of additional facts which it contends are material, as required by Local Rule 56.1B(2), the Court notes that SCI submitted its Statement of Uncontested Facts in support of its cross-motion and not in response to Defendant's statement of facts. (Doc. No. 39 at 1.) Therefore, the Court deems the Statement of Uncontested Facts applicable only to SCI's cross-motion.

[7]  Paragraph 1 of SCI's statement of facts is not supported by citation to evidence. Additionally, paragraph 2 and part of paragraph 8 are stated as legal conclusions and paragraph 5 is not supported by citation to evidence proving such fact. Therefore, pursuant to Local Rule 56.1B(1), the Court will not consider those statements.

[8]  Because part of paragraph 4 is not supported by a citation to evidence as required by Local Rule 56.1B(1), the Court will not consider that statement.

[9]  SCI's statement of facts contains two paragraphs that are numbered 6. The language quoted above is in the second paragraph 6. (Doc. No. 39 at 4.)

Board of Review for the Mississippi State Tax Commission issued an order, which stated, "[C]ontracting services performed by SCI, Inc. on the Columns at Gulport apartment complex should be assessed at the preferred rate of 3.5% for Mississippi contractors tax under Miss. Code Ann. Section [2]7-65-21(1)(a)(i) for non-residential contracting." (PSMF ¶ 8.) SCI settled with the Tax Commission for $225,000. (PSMF ¶ 9.)

    C.    Relevant Procedural History

SCI filed suit against Engineered Concepts on May 10, 2010. (Compl. [Doc. No. 1].) In the complaint, SCI alleges claims for breach of contract, prompt payment penalties, breach of the duty of good faith and fair dealing, and estoppel and waiver. (Id.) On June 11, 2010, Engineered Concepts filed an answer in which it alleges counterclaims for breach of contract, waiver and estoppel, breach of the implied covenant of good faith and fair dealing, and attorneys' fees and expenses of litigation. (Answer & Countercls. [Doc. No. 6].) On September 21, 2010, Engineered Concepts moved for summary judgment on all of SCI's claims. SCI then filed a cross-motion for partial summary judgment seeking judgment in its favor on the issue of liability for MPC taxes and all of Engineered Concepts's counterclaims.[10]

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 authorizes the entry of summary judgment when there is no genuine dispute as to any material fact and the movant is entitled

---

[10] In its cross-motion for partial summary judgment, SCI states that the grounds for its motion are set forth in its response to Defendant's motion for summary judgment and in its brief in support of its cross-motion. The Court reminds the parties that briefs filed in support of a motion or in response to a motion are limited in length to twenty-five (25) pages, absent prior permission of the court. LR 7.1D. SCI's combined brief exceeds that page limit. Therefore, pursuant to Local Rule 7.1F, the Court declines to consider SCI's response to Defendant's motion for summary judgment in conjunction with SCI's cross-motion for partial summary judgment.

to judgment as a matter of law. Fed. R. Civ. P. 56(a). In seeking summary judgment, the movant bears the initial responsibility of demonstrating that there is no genuine issue as to any material fact and that summary judgment is appropriate. Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1313 (11th Cir. 2007). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). When evaluating the merits of a motion for summary judgment, the court should view all evidence and factual inferences raised by the evidence in the light most favorable to the non-moving party and resolve all reasonable doubts concerning the facts in favor of the non-moving party. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999) (citation omitted). The court is not permitted to make credibility determinations, weigh conflicting evidence to resolve disputed facts, or assess the quality of the evidence. Reese v. Herbert, 527 F.3d 1253, 1271 (11th Cir. 2008).

A fact is material if proof of its existence or nonexistence would affect the outcome of the case under controlling substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 247, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Additionally, an issue of fact is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. Id. However, an issue of fact is not genuine if it is unsupported by evidence or if it is created by evidence that is "merely colorable" or "not significantly probative." 477 U.S. at 249-50, 106 S. Ct. at 2511 (citation omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." 477 U.S. at 247-48, 106 S. Ct. at 2510 (emphasis in original).

III.   ANALYSIS

A. <u>Defendant's Motion</u>

*1. Breach of Contract*

Engineered Concepts argues that all four of SCI's claims for retainage payments and tax payments are barred because SCI failed to satisfy a condition precedent. SCI argues that the condition precedent clause is ambiguous, and alternatively, that it was excused from performing the condition precedent because there is a "condition to the condition" and that Engineered Concepts prevented SCI from performing the condition. (Doc. No. 40-1 at 13.) The Court will address SCI's ambiguity argument first.

Georgia[11] courts have held that ambiguity exists when the contract language may be fairly understood in more than one way. <u>Caswell v. Anderson</u>, 241 Ga. App. 703, 705, 527 S.E.2d 582, 584 (2000). But the contract language is not ambiguous if it is capable of only one reasonable interpretation. 241 Ga. App. at 703, 527 S.E.2d at 582. Here, the parties' subcontract states:

> c. SUBCONTRACTOR'S AFFIDAVITS: Subcontractor shall, as often as requested by Contractor, and as a condition to any payment under this Agreement:
>     I. Furnish sworn statements showing all parties who furnished labors or materials to Subcontractor with reference to the Work, together with their names and addresses and the amount due or to become due each.
>     II. Affidavits, receipts, releases and waivers of lien relating to the Work to the date of each Progress Payment or final payment to Subcontractor, and all parties working under or through Subcontractor, to the extent that all bills for labor, materials and services have been paid to date.

(Doc. No. 34-1 at 2.) SCI argues that the language quoted above is ambiguous because it does not tell SCI what to do with the affidavits, receipts, releases, and waivers of lien. The Court, however, finds no ambiguity in that language because

---

[11] The parties agree that Georgia law governs the subcontract. (Def.'s Br. Supp. Mot. Summ. J. [Doc. No. 30-1] at 4.); (Pl.'s Resp. to Def.'s Mot. Summ. J & Br. Supp. Pl.'s Cross-Mot. Partial Summ. J. [Doc. No. 41] at 9.)

a natural reading makes clear that SCI was required to submit affidavits, receipts, releases, and waivers of lien to Engineered Concepts. And "[t]he natural, obvious meaning is to be preferred over any curious, hidden meaning which nothing but the exigency of a hard case and the ingenuity of a trained and acute mind would discover. Payne v. Middlesex Ins. Co., 259 Ga. App. 867, 869, 578 S.E.2d 470, 472 (2003) (citation omitted); see also N.Y. Life Ins. Co. v. Thompson, 45 Ga. App. 638, 638, 165 S.E. 847, 848 (1932) ("The language of the contract should be construed in its entirety, and should receive a reasonable construction, and not be extended beyond what is fairly within its terms.").

Because the Court finds no ambiguity in the condition precedent clause, the Court now must determine whether SCI's claims are barred by that clause. In Georgia, a party has the burden of proving the following elements of a breach of contract claim: (1) breach of the contract; (2) damages resulting therefrom; (3) to the party who has the right to complain about the contract being broken. Kuritzky v. Emory Univ., 294 Ga. App. 370, 371, 669 S.E.2d 179, 181 (2008) (citing Odem v. Pace Academy, 235 Ga. App. 648, 654, 510 S.E.2d 326, 331 (1998)). And when a plaintiff's right to recover on a contract depends on the plaintiff performing a condition precedent, the plaintiff must also allege and prove performance of the condition or allege sufficient legal cause for its nonperformance. Sellers v. City of Summerville, 208 Ga. 361, 366, 67 S.E.2d 137, 141 (1951) (citations omitted). This is consistent with the rule that "[w]here the performance of one party to a contract is conditioned upon the performance of certain acts on the part of the other party before the contract becomes absolutely obligatory, such condition must be performed." 208 Ga. at 366, 67 S.E.2d at 141 (citing Code, § 20-110); see also O.C.G.A. § 13-3-4.

Here, Engineered Concepts asserts that SCI failed to submit affidavits, receipts, releases, and waivers of lien for the payments that SCI now demands. SCI

does not dispute that fact. Indeed, SCI concedes that it has not furnished those documents to Engineered Concepts. However, SCI argues that it is legally excused from performing the condition because the language in the subcontract creates a "condition to the condition," which requires that Engineered Concepts first make a request "before any obligation o[n] the part of SCI is triggered." (Doc. No. 41 at 13.) And because Engineered Concepts has not requested affidavits, receipts, releases, and waivers of lien, SCI asserts that it is not required to submit these documents. But the evidence in the record shows that Engineered Concepts requested final waivers and releases in a letter dated May 7, 2009. (Doc. No. 30-5 at 6.) Thus, SCI's first excuse fails because Engineered Concepts performed its alleged condition precedent.

SCI also argues that it is not required to submit the final waivers and releases because Engineered Concepts refused to send SCI a form lien release. While it is true that "[a] party cannot avoid the obligations of a contract by frustrating the performance of a condition precedent," Georgia 20 Properties LLC v. Tanner, 255 Ga. App. 6, 10, 564 S.E.2d 459, 462 (2002) (citation omitted), the evidence that SCI cites does not support its assertion that Engineered Concepts refused to send the form lien release.[12] Therefore, SCI has not demonstrated that there is indeed a genuine issue of fact. Accordingly, the Court finds that summary judgment on SCI's breach of contract claim is appropriate because SCI fails to show that it performed the condition precedent or is legally excused from performing. Pursuant to that finding, it is unnecessary to address Engineered Concepts's other arguments regarding summary judgment.

---

[12] In its statement of facts, SCI asserts that it never received Engineered Concepts's form for release of liens related to the site work. But the evidence that SCI points to does not support that statement. Therefore, the Court shall not consider that statement in accordance with Local Rule 56.1B.

*2. Prompt Payment Penalties*

Georgia's Prompt Pay Act provides that a subcontractor is entitled to payment from a contractor when the subcontractor performs in accordance with the provisions of his or her contract and satisfies the conditions of his or her contract precedent to payment. O.C.G.A. § 13-11-3; Foster & Co. Gen. Contractors v. House HVAC/Mech., Inc., 277 Ga. App. 595, 598, 627 S.E.2d 188, 190-91 (2006). SCI fails to show that it performed the condition precedent to payment. Therefore, summary judgment against SCI on its claim for prompt payment penalties is appropriate.

*3. Breach of the Duty of Good Faith and Fair Dealing*

In Georgia, breach of the duty of good faith and fair dealing is not an independent cause of action separate from a breach of contract claim. Stuart Enters. Intern, Inc. v. Peykin, Inc., 252 Ga. App. 231, 234, 555 S.E.2d 881, 884 (2001) (citing Alan's of Atlanta, Inc. v. Minolta Corp., 903 F.2d 1414, 1429 (11th Cir. 1990)). Therefore, because SCI's breach of contract claim fails, its breach of the duty of good faith and fair dealing claim also fails.

*4. Estoppel and Waiver*

Summary judgment is proper on SCI's final claim because estoppel and waiver are affirmative defenses and not causes of action. See O.C.G.A. § 9-11-8(c); Reeder v. Gen. Motors Acceptance Corp., 235 Ga. App. 617, 620, 510 S.E.2d 337, 340 (1998) ("waiver is a defense and not a cause of action upon which the [plaintiffs] can recover").

B.  Plaintiff's Cross-Motion

*1. Liability for MPC Taxes*

SCI argues that it should be granted partial summary judgment on the issue of liability for MPC taxes because, under the clear terms of the subcontract, Engineered Concepts is liable for paying the taxes. Engineered Concepts does not

dispute that it is liable for MPC taxes, but instead appears to assert that the taxes that SCI paid were not MPC taxes. (Def.'s Resp. Br. Opp'n to Pl.'s Cross-Mot. for Summ. J. [Doc. No. 52] at 15-21.)

"Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." Joplin v. Bias, 631 F.2d 1235, 1237 (5th Cir. 1980) (citations omitted). As the Court has already found supra, the parties' subcontract contained a condition precedent clause requiring that SCI submit certain documents to Engineered Concepts before any payment became due. Accordingly, SCI must first submit affidavits, receipts, releases, and waivers of lien before Engineered Concepts becomes obligated to pay any taxes. Because SCI fails to show that it performed the condition precedent or is legally excused from performing, as the Court already noted supra, partial summary judgment is inappropriate on the issue of tax liability.

### 2. *Defendant's Counterclaims*

Engineered Concepts alleges that SCI breached the subcontract "by, among other things, failing and refusing to pay its tax liability as agreed, and seeking to transfer tax liability to [Engineered Concepts]." (Doc. No. 6 at 15, ¶ 25.) In its cross-motion, SCI argues that it has paid the tax assessment to the Mississippi Tax Commission, and therefore, it did not fail or refuse to pay its tax liability as agreed. SCI also argues that it is not seeking to transfer the liability because Engineered Concepts has always been liable for the taxes. Engineered Concepts does not dispute those facts, but instead asserts that there is a genuine issue regarding whether SCI received $48,484.96 to which it was not entitled.

As the Court has already held supra, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported

motion for summary judgment; the requirement is that there be no genuine issue of material fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 247, 247-48, 206 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986) (emphasis in original).  Whether or not SCI received $48,484.96 to which it was not entitled is not a material fact because it does not affect the outcome of Engineered Concepts's breach of contract counterclaim.  Therefore, summary judgment on that claim is appropriate.

With respect to Engineered Concepts's other counterclaims, the Court has already held supra, that estoppel and waiver are affirmative defenses and not causes of action, and thus, these claims fail as a matter of law.  In addition, Engineered Concepts's claim for breach of the implied covenant of good faith and fair dealing also fails because its breach of contract claim fails.  See supra III.A.3.  Therefore, summary judgment is appropriate on those counterclaims.

Finally, the Court finds that Engineered Concepts's claim for attorneys' fees survives summary judgment. Where a contract provides for an award of attorneys' fees, the legal principles governing an award under O.C.G.A. § 13-6-11 are inapplicable.  Benchmark Builders, Inc. v. Schultz, 289 Ga. 329, 330, 711 S.E.2d 639, 640 (2011) (citation omitted).  "Thus, in the absence of a controlling statute, a party's entitlement to attorney fees under a contractual provision is determined by the usual rules of contract interpretation."  Id.  Here, the parties' subcontract states that the subcontractor agrees to pay reasonable attorney's fees should the contractor employ an attorney to enforce any provision of the agreement or to collect damages for breach of the agreement.  The record evidence shows that Engineered Concepts employed attorneys to enforce the contract, and in Georgia, such evidence is sufficient to support an award for attorney's fees under the subcontract.  See Sylar v. Hodges, 250 Ga. App. 42, 43, 550 S.E.2d 438, 439 (2001); Layfield v. Southeastern Construction Coordinators, Inc., 229 Ga. App. 71, 72, 492 S.E.2d 921, 922 (1997)

(citing O'Brien's Irish Pub v. Gerlew Holdings, 175 Ga. App. 162, 165, 332 S.E.2d 920, 923 (1985).

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion for Summary Judgment [Doc. No. 30] and **GRANTS in part and DENIES in part** Plaintiff's Cross-Motion for Partial Summary Judgment [Doc. No. 40]. Defendant's motion is granted with respect to all of Plaintiff's claims.  Plaintiff's motion is granted with respect to Defendant's counterclaims for breach of contract, estoppel and waiver, and breach of the implied covenant of good faith and fair dealing. Plaintiff's motion is denied with respect to the issue of liability for MPC taxes and Defendant's counterclaim for attorneys' fees.

SO ORDERED this 14th day of January, 2013.

*s/  CLARENCE COOPER*

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE